Howry, J.,
delivered the opinion of the court:
This is the claim of an assistant naval constructor in the Navy. It grows out of an order issued to him to take passage on the U. S. S. Minnesota to Rockland, Me., and upon arrival there to report to a rear admiral as president of a trial board for special temporary duty on the trial trip of the said vessel after its completion at Newport News, Va. Plaintiff took passage at Newport News for Rockland and returned on the same vessel to Newport News. Several other commissioned officers of the Navy were on board under orders similar to those issued to plaintiff, and none of these officers, including plaintiff, had control over the ship or of her movements other than that contemplated in the requirements of inspection during the trial trip of the ironclad. Plaintiff sues for mileage at the rate of 8 cents per mile for the round trip of 1,600 miles under the provisions of an act approved June 7, 1900, 81 Stat., 685.
The act under which the suit is brought provides that in lieu of traveling expenses and all allowances officers in the naval service traveling from point to point within the United States under orders shall receive mileage at the rate named, distance to be computed by the shortest usually traveled route.
By section 1571 of the Revised Statutes it is provided that “ No service shall be regarded as sea service except such as shall be performed at sea, under the orders of a department and in Aressels employed by authority of law.”
The vessel had been constructed by the shipbuilding company under a contract with the United States and under *188 the immediate inspection and supervision of naval officers, of whom this claimant was one. Though the vessel had not been formally accepted, it was a completed vessel at the time plaintiff took passage for Rockland, Me. The object of the trial trip was to ascertain the speed of the vessel and the working of its machinery and to determine the liability of the Government for the small balance due to the contractors of the total contract price then unpaid. The price fixed by the contract for the building of the ship was more than $4,000,000, payable in 50 equal installments as the work progressed. Thus, it is made to appear that the United States had an interest of 49 parts in the vessel where the contractors had remaining but one interest. As public money had practically built the ship, it was to all intents and purposes the property of the Government, and it is certain that the ship was not the property of the contractors.
The trial trip of the ship was necessary to the end that the behavior at sea of the ironclad should be observed with reference to the design of its construction. At the time of the order given to the plaintiff he was assisting the superintending naval constructor at the contractor’s works. Whilst, ■ with other officers, plaintiff was determining the efficiency of the ship at sea, it seems fair to say that it was a pleasure trip for the officers assigned to watch the ship perform. The court can not for that reason, however, say that plaintiff must be precluded from collecting mileage. But the fact remains that there was no expense attached to the performance of the duty to which the plaintiff had been assigned. The theory of the law in allowing mileage is to provide expenses necessarily incurred in the performance of travel. Smith’s case, 26 C. Cls. R., 568; Galm v. United States, 39 Ib., 67. Eight cents per mile of travel under the statute is supposed to include very liberal expenses. It does not appear that the officer was charged for any transportation, or, for that matter, anything else that was necessary for his comfort or convenience.
The court is of opinion that this is not a claim of the kind that can be paid.
Petition dismissed.